did ·what.they agreed in the 1907 contract that they would do. It is elementary that a promise to do what one is already obligated to do, is no consideration for another promise. It necessarily follows that the doing what one is already obligated to do·is no new consideration for another undertaking. There was no consideration for the agreement of January 25, 1909, that plaintiffs' mortgage debt should become due on the failure of defendant to pay the Penn Mutual mortgage debt at the expiration of its extended period on January 1, 1910.

The delivery of defendant's check for $104 to plaintiffs' attorney on the 21st day of January, 1910, for the interest then due on the plaintiffs' mortgage, was a payment and discharge of that interest, and should be applied by plaintiffs as a payment on that date, providing, of course, that such check be redelivered to plaintiffs, and that it is paid upon presentation for payment.

The counterclaims set forth in the answer have not been established as proper counterclaims to plaintiffs' mortgage debt. The $800 item found by the jury not to have been delivered to the defendant is not under the contract of May 2, 1907, an indebtedness of the plaintiffs, and defendant is not entitled to a credit of that item upon the mortgage indebtedness of $5,200. The County Court action commenced August 9, 1909, was discontinued by order granted January 22, 1910, delivered to and left with the deputy county clerk of Erie county, acting as clerk for the County Court, and entered in the clerk's minutes of the County Court on that day, and formally stamped as being filed by the county clerk on the 11th day of March, 1910.

Judgment is directed establishing the amount unpaid upon plaintiffs' mortgage in accordance with this memorandum, and dismissing plaintiffs' complaint.

Defendant having succeeded on the issue as to the maturity of plaintiffs' mortgage and plaintiffs having succeeded upon the issues as to defendant's counterclaims, no costs are awarded to either party.

---

## POMERANTZ v. HARTMAN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. RECEIVERS (§ 16*)—GROUNDS—STATUTORY PROVISIONS.

   Where it does not appear that the property is to be removed beyond the jurisdiction of the court, or lost or materially injured, or destroyed, as provided by Code Civ. Proc. § 713, the court at Special Term has no authority to appoint a receiver.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 24, 28; Dec. Dig. § 16.*]

2. SPECIFIC PERFORMANCE (§ 109*)—GROUNDS FOR APPOINTMENT.

   In an action for specific performance of a contract for the sale of real estate, where it appeared that $1,300 had been paid on the purchase price, with only $250 remaining to be paid, that the property was in possession of plaintiff's assignor, holding under the contract, and there was nothing to indicate that all of the rights of a defendant, who subsequent to the contract became the record owner, having purchased, as alleged

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

by plaintiff, at a foreclosure sale in collusion with defendant vendor and in fraud of plaintiff's rights, would not be secure, the appointment at the instance of such defendant of a receiver of the rents and profits pending the action was improper.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 353½; Dec. Dig. § 109.*]

Hirschberg, P. J., and Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by Mary Pomerantz against Helen Hartman and another. From an order appointing a receiver of the rents and profits of real estate pending the action, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Nathan D. Shapiro, for appellant.
Oscar Bleezard, for respondents.

WOODWARD, J. The plaintiff brings this action for the specific performance of a contract for the sale of real estate. The complaint sets forth that on or about the 18th day of August, 1908, the defendant Mintz Realty Company entered into an agreement in writing with the plaintiff for the sale of certain real property described therein, and that the sum of $1,300 was paid upon said purchase, leaving only $250 to be paid upon the final transfer; that on or about the 1st day of January, 1909, the plaintiff's assignor entered into possession of said premises under said contract; and that nearly a year later the defendant Helen Hartman became the record owner of the property, she having purchased the same at a foreclosure sale on the 5th day of November, 1909—it being claimed on the part of the plaintiff that this purchase was made in collusion with the defendant Mintz Realty Company, and in fraud of the rights of the plaintiff. The prayer of the complaint is that the defendants be compelled to specifically perform the contract. On the 27th day of April, 1910, an order to show cause was procured by the defendant Helen Hartman, and upon the return of such order an order was made appointing a receiver of the rents and profits of the real estate pending the action. From this order the plaintiff appeals.

There is certainly nothing in the papers before the court on this motion which shows that the property in the possession of plaintiff's assignor is to "be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed," as provided by section 713 of the Code of Civil Procedure; and without such facts appearing we do not understand that the court at Special Term has any authority for appointing a receiver. Thirteen hundred dollars has been paid upon the purchase price, with only $250 remaining to be paid, and the property is in the possession of one holding under the contract. It is real estate, and will be there when the litigation is ended, and there is nothing to indicate that all of the rights of the defendant will not be secure. A receiver, so far as we can discover, could serve no other purpose in this proceeding than to unnecessarily burden a small property with ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penses, and with the light we now have upon the questions at issue there is nothing to warrant this burden.

The order appealed from should be reversed, with $10 costs and disbursements.

JENKS and RICH, JJ., concur.   HIRSCHBERG, P. J., and THOMAS, J., dissent.

---

### ILLINOIS SURETY CO. v. HILDEBRAND.

(Supreme Court, Appellate Term.   January 5, 1911.)

1. INSURANCE (§ 186*)—PREMIUMS—ACTION FOR PREMIUMS.

The defendant signed an agreement to pay premiums of a bond given by the plaintiff as surety for the performance of a contract made by the defendant with the city: "One thousand ($1,000) and five hundred ($500) dollars annually thereafter ($1,000) per annum in advance." The agreement further provided that if the contract ran over one year the premium should be prorated at the rate of $500 per annum. Held, that defendant's liability was to pay $1,000 on the execution of the bond, and that there was no further liability for premiums until the contract with the city had run for one year, and that further premiums were to be paid at the end of each subsequent year at the rate of $500, or at the termination of defendant's contract with the city before the end of a yearly period the premium was to be prorated at the rate of $500 per year for such part of the year as the contract should have continued.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 186.*] .

2. INSURANCE (§ 188*)—PREMIUMS—ACTIONS FOR PREMIUMS—PLEADINGS.

Where the defendant was sued by a surety company for premiums upon a surety bond given by the surety company to secure performance by defendant of his contract with the city, a premium being due one year from the execution of the bond, and the plaintiff did not plead that defendant's contract with the city had run more than a year, but was permitted to give proof on that point over defendant's objection, and without any amendment of the complaint, it is reversible error.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by the Illinois Surety Company against George Hildebrand. From a judgment for plaintiff upon a directed verdict, the defendant appeals.   Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

M. Carl Levine, for appellant.

Wray & Callaghan (Stephen Callaghan and Nelson L. Keach, of counsel), for respondent.

GIEGERICH, J.   Plaintiff sues upon an agreement for the payment of premiums upon a bond which the plaintiff signed as surety for the defendant for the performance of a contract made by the latter with the city of New York.   A copy of the agreement was annexed to the complaint.   It was executed on April 9, 1908, evidently

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes